IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CLARENCE ROBINSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv284 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Petitioner Clarence Robinson, Jr., an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651.

Discussion

On August 16, 1993, petitioner pleaded guilty to carrying a firearm during and in relation to a drug trafficking crime. Petitioner was sentenced to a term of sixty (60) months confinement. Petitioner subsequently received a consecutive 345-month sentence in the Eastern District of Texas and a consecutive life sentence from the Middle District of Louisiana.

Petitioner previously filed a motion to vacate, set aside or correct sentence attacking the validity of the conviction challenged in this petition. *See Robinson v. Adams*, No. 1:00cv112 (E.D. Tex. May 30, 2000). The motion was dismissed as barred by limitations. *Id.*

Additionally, petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the same conviction. *See Robinson v. Outlaw*, No. 1:06cv455 (E.D. Tex. Jan. 8, 2007). The petition was dismissed. *Id.*

## The Petition

In his petition for writ of error coram nobis, petitioner contends he is innocent of the criminal offense for which he was convicted pursuant to 18 U.S.C. § 924(c). Petitioner claims that the evidence in the case and the recent ruling in *Muscarello v. United States*, 524 U.S. 125 (1998), demonstrate he is innocent of violating § 924(c).

## Discussion

In 1954, the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), revived the ancient writ of coram nobis by holding that the writ was available in federal courts pursuant to the All Writs Act, 18 U.S.C. § 1651. Since that time, the writ has been used as an avenue of attack when the petitioner has completed his sentence and is no longer "in custody" for the purposes of seeking relief via a petition for writ of habeas corpus or a motion to vacate, set aside or correct sentence. *United States v. Dyer*, 136 F.3d 417 (5th Cir. 1998). In *Morgan*, the Supreme Court emphasized that the writ of coram nobis could not be used as a substitute for appeal and should only be employed to correct errors "of the most fundamental character." *Morgan*, 346 U.S. at 512 (citing *United States v. Mayer*, 235 U.S. 55 (1914)). The Court stated that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Id*. at 511. As a result, the writ is designed to issue when a petitioner no longer in custody seeks to vacate his conviction and "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)

(citations omitted). Further, the remedy of coram nobis is available to correct "only errors which result in a complete miscarriage of justice." *Id.* (citing *Morgan*, 346 U.S. at 512).

Petitioner remains in custody as a result of the criminal convictions. Petitioner asserts he has completed his 60-month sentence; however, he is serving all of his sentences combined. Further, as the respondent asserts, since petitioner has not been released from confinement, petitioner has not served the term of supervised release. As a result, the remedy of coram nobis is not available to him.[1]

In other circumstances, the court might liberally construe petitioner's filing as a petition for writ of habeas corpus. However, as described above, petitioner previously filed such a petition which was denied.

## Conclusion

For the reasons set forth above, this petition for writ of coram nobis will be dismissed. A final judgment denying the petition shall be entered in accordance with this memorandum opinion.

**SIGNED** this the **2** day of **March, 2010.**

_____
Thad Heartfield
United States District Judge

---

[1] Further, as the respondent asserts, petitioner is unable to show he may suffer civil disabilities as a result of this conviction, that there were any errors in the plea process, or that he exercised reasonable diligence.